IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE HEARST CORPORATION,<br><br>                              Plaintiff,<br><br>          -against-<br><br>ACE AMERICAN INSURANCE COMPANY,<br><br>Defendant. | No. 1:24-cv-06890-MKV |

### [PROPOSED] STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

WHEREAS, Plaintiff and Defendant (herein referred to individually as a "Party" and collectively as the "Parties") to the above-captioned case (the "Action") are engaged in discovery proceedings, which may include, among other things, taking depositions, responding to interrogatories, responding to requests for admissions, and producing documents for inspection and copying;

WHEREAS, the Parties are engaged in proprietary activities, and could be jeopardized if non-public financial data, business strategies, product or operational information, or other highly sensitive confidential information or documents were disclosed publicly;

WHEREAS, good cause exists for entry of this Stipulated Confidentiality Agreement and Protective Order ("Protective Order");

WHEREAS, the entry of this Protective Order will promote the fair and expeditious resolution of this litigation;

**IT IS hereby STIPULATED and ORDERED** that:

1.     This Protective Order shall govern the handling of all information, material and documents disclosed during the course of the Action by any Party or by any non-party acting

voluntarily or in response to Court-authorized-discovery, including taking depositions, responding to interrogatories, responding to requests for admissions, and producing documents for inspection and copying ("Litigation Material").

2. As used herein:

(a) "Producing Party" shall mean any Party and any non-party producing Litigation Material.

(b) "Receiving Party" shall mean any Party and/or any non-party receiving Litigation Material.

3. A Producing Party may designate as "Confidential" any Litigation Material that contains non-public, confidential, proprietary, or commercially sensitive information that requires the protections provided in this Protective Order.

4. A Producing Party may designate as "Highly Confidential – Attorneys' Eyes Only" any Litigation Material, the disclosure of which to a Receiving Party or to the public is either restricted by law or would, in the good faith opinion of the designating Party, affect the designating Party's business, commercial or financial interests or be reasonably likely to cause competitive injury to the designating Party.

5. A Producing Party may designate Litigation Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (such designated Litigation Materials collectively referred to herein as "Protected Materials") as follows:

(a) Documents or other tangible Litigation Material may be designated by the Producing Party "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by stamping or writing the word "Confidential" or words "Highly Confidential – Attorneys' Eyes Only," respectively, on the Litigation Material or, in the case of electronic Litigation Material, writing the word "Confidential" or words "Highly Confidential" on the face of the CD-ROM, DVD, hard

drive or other container of that electronic Litigation Material. A Party may designate Litigation Materials produced by another Party or a non-party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by sending a letter to the counsel for the Producing Party, with a copy to counsel for all other Parties, so stating and attaching the Litigation Material so designated with the appropriate stamp or marking.

(b) Depositions or other testimony may be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by identifying orally on the record that portion of the testimony designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or by making such designation by letter sent to counsel for the other Parties within ten (10) business days after notification from the court reporter that the transcript is available. Prior to the termination of this ten (10) business day period, the entire transcript shall be deemed to be "Highly Confidential – Attorneys' Eyes Only."

(c) Failure to designate Litigation Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" using the procedures described above shall not operate to waive a Party's right to later so designate such material. Once such a designation is made by letter sent to counsel for the other Parties, attaching the Litigation Material so designated with an appropriate stamp or marking, the relevant Litigation Material shall be treated thereafter as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in accordance with this Protective Order.

6. Any Litigation Materials produced by a non-party shall be treated as Confidential for a period of fifteen (15) days following the production to the Parties. During this fifteen (15) day period, any Party may provide written notice that it is designating documents produced by the non-party as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

7. All Litigation Material shall be used only in connection with the Action.

8. Litigation Material designated as "Confidential," including any copies, notes, abstracts or summaries thereof, shall be maintained in confidence by the Parties and shall not be disclosed to any other person, except:

(a) the Court and persons assisting the Court in this action, including court reporters and stenographic or clerical personnel;

(b) the Parties, including their parent companies, affiliates and subsidiaries; outside or inside counsel for the Parties; the employees of such counsel; and any persons employed or retained by such counsel for the purpose of assisting in the conduct of this action (such as copying services, database managers, paralegals and clerical assistants);

(c) subject to Paragraph 11 herein, experts or consultants retained to assist counsel for the parties in connection with this action, and employees of such persons;

(d) subject to Paragraph 11.1 herein, a representative for a reinsurance company where there is an existing reinsurance agreement between Defendant and the reinsurance company that provides insurance coverage to Defendant relating to Defendant's potential liability in this Action;

(e) any mediator agreed to by the parties;

(f) mock jurors and focus group members employed by counsel in preparation for trial in this lawsuit, provided that no documents or physical things embodying "Confidential" information will be left in the possession of any such person;

(g) deponents or witnesses whom counsel for an examining party believes in good faith have a need to review such material and who are either (i) identified on the face of the document as an author, addressee or person who has previously seen such Confidential material, (ii) are current employees of the Producing Party, or (iii) were employees of the Producing Party at the time the Confidential information was created;

   (h) any other person to whom the Producing Party, or if the designating Party is not the Producing Party, then the designating Party, agrees in writing; and

   (i) as provided in Paragraph 21(a).

 9. Litigation Material designated as "Highly Confidential – Attorneys' Eyes Only," including any copies, notes, abstracts or summaries thereof, shall be maintained in confidence by the Parties and shall be kept on a counsel eyes' only basis and not be disclosed or shown to any other person except:

   (a) the Court and persons assisting the Court in this action, including court reporters and stenographic or clerical personnel;

   (b) outside counsel for the Parties in this action, as well as outside counsel for the Parties' parent companies, affiliates and subsidiaries; the employees of such counsel; and any persons employed or retained by such counsel for the purpose of assisting in the conduct of this action (such as copying services, database managers, paralegals and clerical assistants);

   (c) subject to Paragraph 11 herein, experts or consultants retained to assist counsel for the parties in connection with this action, and employees of such persons;

   (d) any mediator agreed to by the parties;

   (e) mock jurors and focus group members employed by counsel in preparation for trial in this lawsuit, provided that no documents or physical things embodying "Highly Confidential – Attorneys' Eyes Only" information will be left in the possession of any such person;

   (f) deponents or witnesses whom counsel for an examining party believes in good faith have a need to review such material and who are identified on the face of the document as an author, addressee or person who has previously seen such Highly Confidential material;

  (g) any other person to whom the Producing Party agrees in writing; and

  (h) as provided in Paragraph 21(a).

 10. If a document or other information is inadvertently produced without a confidentiality designation, the Producing Party may nevertheless assert the confidentiality of the document or other information, and the parties shall thereafter treat the document or other information as Confidential or Highly Confidential Litigation Material, provided that such assertion be made promptly upon discovery of any inadvertent disclosure. After such an assertion, each Party shall affix the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (as applicable) to each copy of the newly designated document or other information in its possession and shall make all reasonable efforts to ensure that every entity or individual to whom the Party has disclosed the information also affixes the appropriate legend to each copy of the newly designated document or other information in its possession.

 11. Before any disclosure of Confidential or Highly Confidential Litigation Material or notes, extracts or summaries of such Litigation Material is made to an expert witness or consultant pursuant to paragraphs 8(c) and/or 9(c) hereof, counsel for the Party that intends to make the disclosure shall procure the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by the terms of this Protective Order.

 11.1 Before any disclosure of Confidential Litigation Material or notes, extracts or summaries of such Litigation Material is made to a representative of a reinsurance company pursuant to paragraphs 8(d) hereof, Defendant's counsel shall procure the representative's written agreement, in the form of Exhibit B attached hereto, to comply with and be bound by the terms of this Protective Order, and Defendant's counsel shall provide a copy of the executed agreement to Plaintiff's counsel.

12. Notes, extracts and summaries of Litigation Material designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," also shall be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," respectively, in accordance with the designation, in accordance with the provisions hereof.

13. Without written permission from the designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record any Protected Material. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court include or incorporate Protected Material, the party filing such papers shall designate such materials, or portions thereof, as containing "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material and shall file them with the clerk under seal; provided, however, that a copy of such filing having the Protected Material redacted therefrom may be made part of the public record. Any party filing any document under seal must comply the Federal Rules of Civil Procedure, the Local Rules (including Southern District of New York Standing Order 19-mc-00583), and Rule 9 of this Court's Individual Rules of Practice.

14. Any Confidential or Highly Confidential Litigation Material or information contained in such Litigation Material that is used in Court and not filed under seal:

(a) shall only be so used upon the written agreement of the Party or non-party that designated the Litigation Material "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or by entry of an order by the Court; and

(b) shall not constitute a waiver of any claim of confidentiality or privilege, or modify any party's rights or obligations under this Protective Order, with regard to the Litigation Material so used.

15. Any Party may, at any time, notify the Party or non-party that designated the Litigation Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" that the notifying Party does not concur in the designation of the Litigation Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." If the Party or non-party that made the designation does not agree to declassify such document or material within 7 days, any Party may move before the Court for an order changing the classification of, or declassifying, that Litigation Material. During the pendency of such motion, such Litigation Material shall continue to be treated as Confidential or Highly Confidential – Attorneys' Eyes Only. The burden shall be on the designating Party to demonstrate that the documents or materials require continuing protection.

16. If a Party in possession of Litigation Material designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" that was so designated by another Party or non-party receives a subpoena from a non-party seeking production or other disclosure of material designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," it shall promptly give written notice to counsel for the Producing Party and, if the designating Party is not the same entity, the designating Party as well, identifying the Confidential or Highly Confidential–Attorneys' Eyes Only material sought and enclosing a copy of the subpoena, and provide the Party and/or non-party that is being notified with a reasonable opportunity to object to the disclosure. Where possible, at least ten (10) business days' notice before production or other disclosure shall be given. In no event shall production or disclosure be made before notice is given.

17. Within thirty (30) days of the conclusion of this litigation (including the later of the expiration of all appeal periods and/or the approval by the Court of a settlement agreement executed by the Parties that finally disposes of this action), counsel of record for the Parties shall

secure the return of all Litigation Material designated Confidential or Highly Confidential – Attorneys' Eyes Only and all copies thereof and notes, abstracts or summaries made therefrom, from all persons to whom such materials were disclosed under the terms of this Protective Order, and shall return them to counsel for the party who initially produced the Litigation Material, except that counsel may retain their work-product, copies of Court filings and official transcripts and exhibits, provided that the Confidential or Highly Confidential – Attorneys' Eyes Only information contained therein will continue to be treated as provided herein.  Alternatively, a Receiving Party may certify to the Producing Party that all such information has been destroyed.

18. The provisions of this Protective Order may be modified by agreement of the Parties hereto, and this Protective Order is without prejudice to the rights of any Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

19. Nothing herein shall be deemed to waive any privilege recognized by law or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of discovery.

20. If a Receiving Party receives Litigation Material that the Producing Party deems to contain inadvertently disclosed information protected by the attorney-client privilege, the work product doctrine, or any other recognized privilege or protection ("Privileged Material"), the Receiving Party shall, upon receipt of a demand by the Producing Party, immediately return the Litigation Material containing the Privileged Material without reservation of a copy or copies.  The inadvertent disclosure by any person of any Privileged Material shall not waive any such privilege or protection, for the Privileged Material or for the subject matter of that material, in this Action or any other state or federal proceeding or other proceeding.

21. Entering into or otherwise complying with this Protective Order or producing or receiving Confidential or Highly Confidential Litigation Material shall not:

(a) prevent any Party or non-party from using in this or any other matter, or disclosing to any person or entity as it deems appropriate, its own "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information, and any such use or disclosure shall not be deemed a waiver of any Party's or non-party's rights or obligations under this Protective Order;

(b) prevent any Party or non-party from using in this or any other matter, or disclosing to any person as it deems appropriate, any information that: (i) was publicly available or generally known at the time of disclosure, (ii) became publicly available or generally known after the time of disclosure through no fault of any Receiving Party, (iii) was known or possessed at the time of disclosure by the Receiving Party intending to use the information, (iv) was received from a third party who was under no obligation of confidentiality to the Producing Party, or (v) was developed independently of the disclosure;

(c) operate as an admission that any particular Confidential or Highly Confidential Litigation Material contains, reflects or otherwise discloses trade secrets or any other type of confidential information; or

(d) prejudice in any way the rights of a Producing Party to object to the production of documents, testimony or other materials that such party considers not subject to discovery.

22. This Protective Order may be executed in counterparts.

IT IS SO ORDERED

Dated: __April 9__, 2025
New York, New York

_Mary Kay Vyskocil_
MARY KAY VYSKOCIL
United States District Judge

STIPULATED AND AGREED TO BY:

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: */s/ Alexander D. Hardiman*
    Alexander D. Hardiman
    31 W 52nd Street
    New York, New York 10019
    (212) 858-1064

*Attorneys for Plaintiff The Hearst Corporation*

LONDON FISCHER LLP

By: */s/ Robert S. Nobel*
    Daniel W. London
    Robert S. Nobel
    59 Maiden Lane
    New York, New York 10038
    (212) 972-1000

*Attorneys for Defendant Ace American Insurance Company*

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE HEARST CORPORATION,<br><br>                              Plaintiff,<br><br>     -against-<br><br>ACE AMERICAN INSURANCE COMPANY,<br><br>Defendant. | No. 1:24-cv-06890-MKV |

    I, _____ [print or type full name], declare under penalty of perjury under the laws of the State of _____ that:

    1.    My address is: _____.

    2.    My employer is: _____.

    3.    My occupation is: _____.

    4.    I have read in its entirety and understand the Stipulated Confidentiality Agreement and Protective Order in the above-captioned action (the "Order").

    5.    I agree to comply with and to be bound by all the terms of the Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment, including being held in contempt. I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes of this case all "Confidential" and "Highly Confidential – Attorneys' Eyes Only" information, including any notes about or summaries of such information.

    6.    I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcement of the Order, even if such enforcement proceedings occur after termination of this litigation.

Date: _____

City and State where sworn and signed: _____

Signature: _____

Printed Name: _____

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE HEARST CORPORATION,<br><br>            Plaintiff,<br><br>  -against-<br><br>ACE AMERICAN INSURANCE COMPANY,<br><br>Defendant. | No. 1:24-cv-06890-MKV |

  I, _____ [print or type full name], declare under penalty of perjury under the laws of the State of _____ that:

  1. My address is: _____.

  2. My employer is: _____.

  3. My occupation is: _____.

  4. I have read in its entirety and understand the Stipulated Confidentiality Agreement and Protective Order in the above-captioned action (the "Order").

  5. I agree to comply with and to be bound by all the terms of the Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment, including being held in contempt. I will hold in confidence, will not disclose to anyone not qualified under the Order (including not disclosing to anyone else who works for my employer unless counsel for Defendant ACE American Insurance Company has also procured that person's written agreement, in the form of this Exhibit B, to comply with and be bound by the terms of this Protective Order and has provided a copy of that executed agreement to me), and will use only for purposes of reinsurance for claims made related to this case all "Confidential" information, including any notes about or summaries of such information.

       7.       I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcement of the Order, even if such enforcement proceedings occur after termination of this litigation.

Date: _____

City and State where sworn and signed: _____

Signature: _____

Printed Name: _____